UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**STEPHEN GERARD KENNEDY,**

 *Plaintiff*,

v.                                                         Case No.  SA-21-CV-00441-JKP

**UNITED STATES OF AMERICA,**

 *Defendant*.

**MEMORANDUM OPINION AND ORDER**

  Before the Court is Defendant the United States of America's ("the United States") Motion to Dismiss filed pursuant to Federal Rule 12(b)(1). *ECF No. 8*. Plaintiff Stephen Kennedy, who proceeds *pro se*, did not respond. Upon consideration, the Court concludes the Motion to Dismiss shall be GRANTED. For this reason, the cause is dismissed without prejudice. The Clerk is directed to enter a Clerk's Judgment and close the case.

**Procedural Facts**

  Kennedy filed his Complaint on May 3, 2021, alleging he was injured while receiving treatment at the Audie L. Murphy Memorial Veterans' Hospital between May 3, 2019, to July 19, 2019. *ECF No. 1*. Kennedy alleges causes of action under the Federal Tort Claims Act (FTCA), which include negligence, intentional infliction of emotional stress, and fraud. *Id*.

  The United States filed the instant Motion to Dismiss asserting this Court lacks subject matter jurisdiction to adjudicate this matter because Kennedy did not exhaust his administrative remedies as required under the FTCA. Kennedy did not timely respond. The Court *sua sponte* extended the deadline for Kennedy to respond to the Motion to Dismiss; he did not. *ECF No. 9*.

**Legal Standard**

The FTCA bars claimants from initiating suit in federal court until they completely exhaust all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The failure to exhaust administrative remedies prior to initiating suit under the FTCA deprives the Court of subject matter jurisdiction, and this requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Janise v. United States*, CV 18-725-JWD-RLB, 2019 WL 4452832, at *2 (M.D. La. Sept. 17, 2019). In such an action, the plaintiff bears the burden of demonstrating jurisdiction in a federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a court determines it lacks subject matter jurisdiction, it must dismiss the action, without deference for cure by amendment of the Complaint. Fed. R. Civ. P. 12(h)(3); *McNeil*, 508 U.S. at 110; *Price*, 69 F.3d at 54.

A claimant exhausts administrative remedies under the FTCA by presenting the relevant claim(s) to the appropriate Federal agency, and the agency denied the claim in a writing or the claim is deemed denied by the passage of six months from its filing date without disposition. 28 U.S.C. § 2675(a); *Price*, 69 F.3d at 54; *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010). Thus, the FTCA requires complete exhaustion of administrative remedies before a claimant may invoke the judicial process. *McNeil*, 508 U.S. at 112. Moreover, failure to completely exhaust administrative remedies prior to commencing a civil action under the FTCA is a jurisdictional defect that cannot be cured through exhaustion after suit is filed. *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013) (per curiam). *Janise*, 2019 WL 4452832, at *2.

Courts have "the power to dismiss for lack of subject matter jurisdiction based on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *accord Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When determining issues of subject matter jurisdiction, the courts "may consider outside matter attached to a motion to dismiss without first converting it into a motion for summary judgment." *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

**Discussion**

The United States asserts this Court lacks subject matter jurisdiction because Kennedy failed to exhaust his administrative remedies, as required by the FTCA. *See* 28 U.S.C. §§ 1346(b)(1), 2671–80, 2675(a).

While Kennedy did not respond to the motion, in his Complaint, Kennedy asserts he exhausted his administrative remedies by filing a Standard Form 95 (SF-95), initiating an administrative claim. *ECF No. 1, ¶ 10*. Further, Kennedy alleges the "agency failed to make a final disposition of the claim within six (6) months after it was filed." *Id.* While Kennedy asserts he filed an SF-95 to begin the administrative-review process, he does not attest to the date he filed the SF-95. Further, Kennedy states he attached the SF-95 as Exhibit P-1; however, this exhibit is not attached to the Complaint. Consequently, Kennedy does not provide evidence of the date he filed the SF-95.

The United States presents evidence through a Declaration of Cynthia Hernandez, Deputy Chief Counsel in the Office of General Counsel – Torts Law Group ("TLG"), Department of Veterans Affairs. *ECF No. 8, Exh. A*. In her Declaration, Hernandez attests she searched the database of administrative claims of the United States Department of Veterans Affairs, which re-

vealed Kennedy filed an administrative claim pertaining to the same medical treatment as is the subject of this action on May 7, 2021. *See Hernandez Decl. ¶ 5*. Kennedy attests an administrative investigation of Kennedy's administrative claim is now pending. *Id.*

Based upon this undisputed evidence, Kennedy filed the SF-95 to begin the administrative review process four days after he initiated this action. Further, six months have not passed from Kennedy's first presentation of the administrative claim on May 7, 2021. Consequently, Kennedy has not yet exhausted his administrative remedies under the FTCA, 28 U.S.C. § 2675(a).

For this reason, this Court must dismiss this action for lack of subject matter jurisdiction. *See United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1307 (5th Cir. 1987).

## Conclusion

For the reasons stated, the United States's Motion to Dismiss filed pursuant to Federal Rule 12(b)(1) is GRANTED. The cause is dismissed without prejudice, and the Clerk is directed to enter a Clerk's Judgment and close the case.

It is so ORDERED.
SIGNED this 3rd day of September, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE